Carlos Julio SANCHEZ; Leonilde Sanchez; Juan Carlos Sanchez Saenz; Andres Mauricio Sanchez Saenz, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72434.

Agency Nos. A70–788–745, A70–788–746, A70–788–748, A70–788–749.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided March 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Julio Sanchez, Los Angeles, CA, pro se.

Leonilde Sanchez, Los Angeles, CA, pro se.

Juan Carlos Sanchez Saenz, Los Angeles, CA, pro se.

Andres Mauricio Sanchez Saenz, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Lead petitioner Carlos Julio Sanchez and his family, natives and citizens of Colombia, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming, without opinion, an immigration judge's ("IJ") order denying their application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the IJ's determination that Sanchez failed to establish a well-founded fear of persecution on account of a protected ground. Sanchez's contention that he fears persecution based on his refusal to cooperate with narco-traffickers is without merit. *See id.* at 1172 (finding "no evidence that the narco-traffickers imputed political beliefs" to petitioner, who resisted pressure by narco-traffickers to participate in a money laundering scheme).

Moreover, even if we were compelled to find that Sanchez had established a nexus to a protected ground, substantial evidence supports the IJ's determination that Sanchez failed to establish even a ten percent chance of persecution on that basis. As the IJ noted, Sanchez testified that neither he nor his family was harmed by the narco-traffickers and that he had only the impression that the narco-traffickers were threatening him. *See Nahrvani v. INS*, 399 F.3d 1148, 1153 (9th Cir.2005) (upholding determination that petitioner's fear was not well-founded where petitioner was never physically harmed and received only

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

anonymous, vague threats that "did not create a sense of immediate physical violence"). As the IJ further noted, Sanchez testified that he returned to Colombia without fear after having received the bulk of the alleged threats and that he didn't know whether the narco-traffickers who had approached him were still in Colombia some twelve years after his last contact with them. *See Rodriguez–Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir.1988) (upholding determination that petitioner had no well-founded fear where he remained in the country undisturbed for two months after being threatened, where the guerrilla who threatened him was dead, and where there was no evidence that other guerrillas continued to be interested in him).

Sanchez's motion to hold this appeal in abeyance pending the government's response to Sanchez's request to join in a motion to reopen is denied.

PETITION FOR REVIEW DENIED.